NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZA HENRIQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL ACTION NO. 18-12537 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

**1.** On August 8, 2018, the *pro se* plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security, which awarded her supplemental security income benefits (hereinafter, "SSI"). (ECF No. 1; *see also* ECF No. 9-1 at 5 (the Commissioner's "Notice of Decision – Fully Favorable").)

**2.** The plaintiff, who was born in 1989, was issued an award of SSI retroactively to October 2015, *i.e.*, as of when the application for SSI was filed. (ECF No. 9-1 at 8, 15; ECF No. 11 at 13, 18.) However, the plaintiff asserts in the complaint that SSI should have been awarded retroactively to about 2002, *i.e.*, the alleged date of onset of her disability. (ECF No. 1 at 3.)

3. The Commissioner now moves to dismiss the complaint for being untimely. (ECF No. 8; ECF No. 8-1; ECF No. 9; ECF No. 9-1.) The plaintiff has filed a response to the motion. (ECF No. 10; ECF No. 11.) For the reasons that follow, the motion to dismiss is granted.

4. The amount of time in which an individual may bring a claim for review of a final decision by the Commissioner is specifically prescribed. *See* 42 U.S.C. § 405(g) (requiring an aggrieved claimant for Social Security benefits to seek federal review within sixty days of the receipt of a denial by the Appeals Council); 20 C.F.R. § 422.210(c) (presuming that such a denial will be received by the claimant within five days of its date of issuance). This time limit is not jurisdictional, but it is a statute of limitations that is "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

5. In this case, it is uncontested that the plaintiff received the final decision of the Commissioner on or around April 3, 2018. (ECF No. 9 at 4; ECF No. 9-1 at 3.) The sixty-day period for the plaintiff to file the appeal, allowing for five additional days for mailing, would have been June 7, 2018.

6. As mentioned above, the plaintiff did not file the complaint until August 8, 2018, which is sixty-two days after the prescribed period to do so. (ECF No. 1.) Additionally, the plaintiff did not file a request for an extension of time to file the appeal with the Commissioner.

7. However, the statute of limitations may be tolled in certain cases where the plaintiff makes a showing of good cause for the delay in filing *the appeal* from the Commissioner's final decision, as opposed to a delay in filing an application for benefits. *Bowen*, 476 U.S. at 480.

8. In this case, the plaintiff has only submitted portions of the underlying administrative record in response to the motion to dismiss (ECF No. 11), including a copy of the death certificate of her mother from 2003. (*Id.* at 12.) However, the plaintiff has not requested an extension of time to file *this appeal*, has not explained the delay in filing *this appeal* to the Court, and has not demonstrated to the Court that "the equities in favor of tolling the limitations period are so great" that the statute of limitations for filing *this appeal* should be tolled by sixty-two days. *Bowen*, 476 U.S. at 480 (internal quotes and citation omitted).

9. As such, the Court grants the Commissioner's motion to dismiss the complaint on the basis of being untimely filed. The Court is mindful of the fact that the plaintiff is a *pro se* litigant, but that *pro se* status does not excuse the plaintiff's failure to offer any explanation or justification for the delay in filing this appeal. *See Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (affirming the dismissal of a Social Security appeal by the District Court where the *pro se* plaintiff failed to show good cause as to why he did not file his appeal within the time provided by the statute of

limitations). The Court will enter an appropriate order.[1]

Date: February 21ST, 2019

JOSE L. LINARES
Chief Judge, United States District Court

---

[1] The Court also notes that Third Circuit case law holds that SSI cannot be awarded for the period prior to when a claimant has actually filed an application for SSI, even if the claimant was disabled during that prior period. *See Coleman v. SSI*, 252 F. App'x 438, 439–40 (3d Cir. 2007) (affirming the District Court's dismissal of a *pro se* plaintiff's complaint seeking an award of SSI for a period before the application for SSI was filed, and citing 20 C.F.R. § 416.335); *see also Buckel v. Colvin*, No. 13-295, 2014 WL 4792132, at *4 n.3 (W.D. Pa. Sept. 23, 2014) (holding that SSI cannot be retroactively awarded for the period preceding the date of the application for SSI, and citing 20 C.F.R. § 416.335).