**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZA HENRIQUEZ, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CIVIL ACTION NO. 18-12537 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. Currently pending before the Court is the *pro se* plaintiff's timely request in effect pursuant to Local Civil Rule 7.1(i) for reconsideration of an Order entered by the Court on February 25, 2019 (hereinafter, "the February 2019 Order") dismissing the plaintiff's complaint. (ECF No. 16.) In an excess of caution, the Court ordered the Commissioner to respond to the plaintiff's request. (ECF No. 17.) The Commissioner has opposed the request in response. (ECF No. 19.) The plaintiff has replied thereto. (ECF No. 20.) The Court resolves the request for reconsideration upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the request for reconsideration is denied.

**2.** On August 8, 2018, the plaintiff, who was born in 1989, filed a complaint seeking judicial review of the Final Decision of the Commissioner of Social Security, which retroactively awarded her supplemental security income benefits (hereinafter, "SSI") as of October 2015, *i.e.*, when the plaintiff filed her application for SSI. (ECF No. 1; *see also* ECF No. 9-1 at 5, 8, 15; ECF No. 11 at 13, 18.) However, the plaintiff asserts in the complaint that she should have been awarded SSI retroactively to about 2002, *i.e.*, when the plaintiff alleges she first suffered from the onset of her disability. (ECF No. 1 at 3.)

**3.** In the February 2019 Order, the Court granted the Commissioner's motion to dismiss the complaint for being filed in an untimely manner. (ECF No. 15; *see also* ECF No. 14 (the Opinion underlying the February 2019 Order).) In doing so, the Court held that: **(a)** the time limit in which to file such a complaint is "a condition on the waiver of sovereign immunity and thus must be strictly construed," *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); **(b)** it was uncontested that the Commissioner issued the Final Decision on April 3, 2018; **(c)** the combined sixty-five-day period mandated by 42 U.S.C. § 405(g) and by 20 C.F.R. § 422.210(c) for the plaintiff to file her complaint expired on June 7, 2018; **(d)** the plaintiff did not file her complaint until August 8, 2018, which is sixty-two days after the prescribed period to do so; and **(e)** at no point did the plaintiff file a request directly with the Commissioner to extend the time to file her appeal. (ECF No. 14.)

4. A motion for reconsideration of a District Court's previous decision is meant to be an extremely limited procedural vehicle. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). District courts, which have the discretion to consider motions for reconsideration, must grant such motions sparingly. *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Cataldo v. Moses*, 361 F. Supp. 2d 420, 433 (D.N.J. 2004). A movant seeking reconsideration must show: **(a)** an intervening change in the controlling law; **(b)** the availability of new evidence that was previously unavailable; or **(c)** the need to correct a clear error of law or fact or to prevent manifest injustice. *See Arrington v. McRae*, 683 F. App'x 108, 109 (3d Cir. 2017); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

5. A movant seeking reconsideration of a District Court's order may not seek to relitigate old matters, and may not raise arguments or present evidence that could have been raised before the entry of the original order. *See Borestsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011); *Dunkley v. Mellon Inv'r Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010).

6. The plaintiff's arguments in support of her request for reconsideration, even when liberally construed in view of her *pro se* status, do not raise an intervening change in the controlling law, any previously unavailable evidence, a clear error of law or fact, or an instance of manifest injustice. First, the plaintiff argues that she "was 2 days past the original time permitted to submit [her] appeal." (ECF No. 16 at 1.) That argument is

3

without merit. As discussed above, the complaint was filed in Federal Court sixty-two days late.

7. Second, the plaintiff argues for the first time in her reply that "[o]n July 3rd, 2018 I met with a young man from The Lamp Program" concerning the possibility of appealing from the Commissioner's Final Decision, and that this "young man" then advised her some time later that he would not help her file an appeal. (ECF No. 20 at 2, 3.) The plaintiff also argues that she "had saved the envelope he sent me with my records inside for / with the date it was post dated with but can no longer find the envelope." (*Id.* at 3 (as stated in the original).)

8. The Court need not rule upon this argument, because the plaintiff has raised it in the first instance in a reply brief. *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (vacating an order granting summary judgment wherein the District Court accepted an argument that was raised for the first time in a reply brief as being dispositive of claims, because there was no meaningful opportunity to present arguments or evidence in opposition to the decisive issue); *see also Reap v. Cont'l Cas. Co.*, 199 F.R.D. 536, 550 n.10 (D.N.J. 2001) (holding that it is improper to raise arguments for the first time in reply papers). The argument is without merit in any event, because the plaintiff's alleged presence at a meeting on July 3, 2018 does not explain the plaintiff's failure to file the complaint by a deadline that had expired one month earlier, *i.e.*, on June 7, 2018. Furthermore, this argument does not explain the plaintiff's failure to seek an extension of

time to appeal directly from the Commissioner while the plaintiff was waiting to attend this alleged meeting on July 3, 2018.

**9.** Third, the plaintiff argues in her reply that an application for some sort of unspecified Social Security benefits was filed on her behalf in 2002, that the previous application was denied, that her guardians at the time did not take an appeal therefrom because they did not understand the ramifications of that denial, and that she should be awarded a larger retroactive award as a result of her lifelong disabilities. (ECF No. 20 at 4–6.) This argument is of no moment. Even assuming *arguendo* that an application for SSI had been filed several years ago on the plaintiff's behalf that might have afforded her a larger award, the Court is without authority to address that issue at this juncture, as the Court may only analyze the application that was specifically addressed in the Final Decision that has been appealed from by the plaintiff. *See Summerville v. Comm'r of Soc. Sec.*, No. 13-902, 2014 WL 5513742, at *7 (W.D. Pa. Oct. 31, 2014) (in addressing a final decision that concerned a plaintiff's second application for SSI, the District Court held that an assessment of the time period that preceded the plaintiff's first application for SSI was barred under 20 C.F.R. § 416.335).

**10.** The Court reiterates — as it has already noted in the Opinion underlying the February 2019 Order (*see* ECF No. 14 at 4 n.1) — that Third Circuit case law holds that SSI cannot be awarded for the period prior to when a plaintiff has actually filed the application for SSI that is in issue, even if the plaintiff was disabled during that prior

period. *See Coleman v. SSI*, 252 F. App'x 438, 439–40 (3d Cir. 2007) (affirming the District Court's dismissal of a *pro se* plaintiff's complaint seeking an award of SSI for a period before the application for SSI was filed, and citing 20 C.F.R. § 416.335); *see also Siravo v. Comm'r of Soc. Sec.*, No. 15-2836, 2017 WL 1246347, at *9 (D.N.J. Apr. 4, 2017) (holding that a plaintiff cannot receive SSI payments retroactively for the time prior to the SSI application that is addressed in the Commissioner's final decision, regardless of when the plaintiff first experiences the onset of a disability); *Prieto v. Colvin*, No. 14-4998, 2015 WL 4602965, at *2 (D.N.J. July 30, 2015) (holding that an applicant for SSI cannot receive such benefits for any time earlier than the month preceding the application that is addressed in the Commissioner's final decision); *Buckel v. Colvin*, No. 13-295, 2014 WL 4792132, at *4 n.3 (W.D. Pa. Sept. 23, 2014) (holding that SSI cannot be retroactively awarded for the period preceding the date of the application for SSI, and citing 20 C.F.R. § 416.335).[1]

**11.** The Court notes that the law concerning a retroactive award of disability insurance benefits (hereinafter, "DIB") may differ from the law concerning a retroactive award of SSI. *See, e.g.*, 20 C.F.R § 404.621(a)(1) (concerning awards for DIB). But the Court offers no opinion on whether the plaintiff may be entitled to such a larger

---

[1] The Court has cited additional cases here to buttress its holding in the Opinion underlying the February 2019 Order on this issue.

retroactive award of DIB, as the Commissioner's Final Decision only concerned the plaintiff's application for SSI.

**12.** Therefore, this Court denies the plaintiff's request for reconsideration. *See Jackson v. City of Phila.*, 535 F. App'x 64, 69 (3d Cir. 2013) (noting the propriety of the District Court's denial of a reconsideration motion because the movant "did not argue any of the limited grounds for reconsideration"). The Court will issue an appropriate Order.

Date: April 17fC, 2019

JOSE L. LINARES
Chief Judge, United States District Court